IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Tommy L. Fenley,**

    **Plaintiff,**

v.                                          Case No. 15-2316-JWL

**Tulsa Inspection Resources, LLC,**

    **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Tommy L. Fenley, individually and on behalf of all persons similarly situated, filed suit against defendant Tulsa Inspection Resources, LLC alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. Relying on a forum selection clause in the employment agreement executed by the parties, defendant moves to dismiss plaintiff's complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3). As explained in more detail below, the motion is granted.[1]

**Background**

In his complaint, plaintiff alleges that defendant Tulsa Inspection Resources, LLC provides pipeline inspection services and pipeline integrity services to companies in the oil and gas industry. Plaintiff alleges that he was employed by defendant as a non-exempt welding inspector and that, in that capacity, he performed and reviewed welding inspections on newly-

---

[1] Because the court grants the motion to dismiss on the basis of the forum selection clause, the court does not address defendant's alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a).

laid gas pipelines in and around Kansas.  According to plaintiff, he and all putative collective action members are "blue collar workers who are primarily engaged in manual labor duties" and whose work requires "the utilization of techniques and procedures obtained primarily from industry manuals, standards and codes."  Plaintiff alleges that defendant compensated plaintiff and putative collective action members pursuant to a "daily rate" compensation system that did not take into account all hours worked in a workweek and did not account for overtime hours.  As alleged in the complaint, defendant paid plaintiff and putative collective action members a "set amount" per each day worked regardless of the number of hours actually worked.  Plaintiff alleges that defendant's compensation scheme violates the overtime provisions of the FLSA and that such violations were willful.

In support of its motion to dismiss, defendant relies on a forum selection clause in the employment agreement executed by plaintiff.  Specifically, paragraph 4 of the parties' agreement states in full as follows:

> Any controversy, claim or litigation arising out of or relating to the employee's duties to the Employer including, but not limited to, any of the rights and obligations set forth in this Employment Agreement shall in all events be determined by the District Court of Tulsa County, Oklahoma which shall have exclusive jurisdiction in the event of any dispute which results in litigation. Further, both parties acknowledge that the Employee was hired by the Employer at the company's offices located in Tulsa, Oklahoma and that the Employee acknowledges and consents that jurisdiction of any dispute arising under this Employment Agreement or in any manner concerning the Employee is proper in Tulsa County, Oklahoma.

Employment Agreement ¶ 4.  The employment agreement contains no provisions concerning compensation—overtime or otherwise—for plaintiff's work.

2

**Analysis**

Defendant moves to dismiss plaintiff's complaint on the grounds that the forum selection clause in the parties' employment agreement mandates that plaintiff's suit be brought in state court in Tulsa County, Oklahoma.[2] In support of its argument, defendant relies on the following language of paragraph 4:

> Any controversy, claim or litigation arising out of or relating to the employee's duties to the Employer including, but not limited to, any of the rights and obligations set forth in this Employment Agreement shall in all events be determined by the District Court of Tulsa County, Oklahoma which shall have exclusive jurisdiction in the event of any dispute which results in litigation.

Plaintiff does not dispute that this portion of paragraph 4 constitutes a mandatory forum selection clause. Indeed, Tenth Circuit case law supports the conclusion that the forum selection clause highlighted by defendant is clearly mandatory. *American Soda, LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) (clause was mandatory where it designated Colorado state courts as the "exclusive" forum for the resolution of disputes); *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir.1997) (clause that stated that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado," is mandatory because of its specific county designation and use of the obligatory word "shall").

---

[2] Although not referenced by plaintiff in his complaint, the court may consider the substance of the parties' employment agreement without converting defendant's motion into one for summary judgment. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011) ("When ruling on a motion to dismiss for improper venue, the district court is not 'obligated to limit its consideration to the pleadings [or to] convert the motion to one for summary judgment' if the parties submit evidence outside the pleadings.").

3

Nonetheless, plaintiff opposes dismissal of his case on the grounds that the mandatory forum selection clause does not cover this dispute—a dispute which plaintiff contends is covered instead by a separate, permissive forum selection clause in paragraph 4 of the agreement. In that regard, plaintiff highlights the sentence immediately following the clause relied upon by defendant:

> Further, both parties acknowledge that the Employee was hired by the Employer at the company's offices located in Tulsa, Oklahoma and that the Employee acknowledges and consents that jurisdiction of any dispute arising under this Employment Agreement or in any manner concerning the Employee is proper in Tulsa County, Oklahoma.

Tenth Circuit case law supports plaintiff's characterization of this clause as a permissive forum selection clause, *see Excell*, 106 F.3d at 321 (providing as an example of a permissive forum selection clause as one in which the parties "agree that in the event of litigation between them, Franchise Owner stipulates that the courts of the State of Michigan shall have personal jurisdiction over its person, that it shall submit to such personal jurisdiction, and that venue is proper in Michigan.") or, more accurately, as a non-exclusive consent to jurisdiction. *See K&V Scientific Co. v. BMW*, 314 F.3d 494, 500-01 (10th Cir. 2002).

To be clear, plaintiff does not contend that the "separate clauses" contained in paragraph 4 conflict with one another such that the permissive clause trumps the mandatory clause; he contends that the clauses cover substantively different disputes such that both may be interpreted harmoniously. According to plaintiff, the mandatory clause covers only those disputes "relating to the employee's duties to the Employer" and the permissive clause covers those disputes "in any manner concerning the Employee." Plaintiff contends that his claims relate only to defendant's duties to him—the duty to compensate plaintiff and putative collective action

4

members in accordance with the FLSA—and have no bearing on plaintiff's duties under the employment agreement.  Under plaintiff's interpretation of paragraph 4, then, his claims fall outside the scope of the mandatory clause and within the scope of the permissive clause because the dispute "concerns" the employee.

Defendant disputes plaintiff's piecemeal reading of paragraph 4, asserting that the paragraph contains only one forum selection clause and that the clause mandates the dismissal of plaintiff's suit.  Defendant also contends that in any event plaintiff's lawsuit necessarily falls within the scope of the mandatory language. The court agrees with defendant.  Plaintiff argues that interpreting paragraph 4 as one cohesive forum selection clause renders the second sentence of the paragraph meaningless, thereby violating a cardinal rule of contract construction.  *See Greystone Constr., Inc. v. National Fire & Marine Ins. Co*., 661 F.3d 1272, 1283-84 (10th Cir. 2011) (in interpreting contract, court must give effect to all provisions so that none will be rendered meaningless).  The court disagrees.  The second sentence is reasonably interpreted as providing additional factual support (and a requirement that the parties submit to the personal jurisdiction of the Tulsa County, Oklahoma courts) for the selection (in the first sentence) of Tulsa County, Oklahoma as the exclusive venue for the litigation of employment disputes.  This interpretation is supported by the fact that the parties used the word "further" to connect the two sentences of paragraph 4.  As defined in Black's Law Dictionary, the term "further" means "additional" and means "something beyond what has been said or likewise, or also."  *Black's Law Dictionary* 466 (6th ed. 1991).  In such circumstances, the nonexclusive jurisdictional provision in the second sentence does not undermine the mandatory forum selection clause in the first sentence.  *See Muzumdar v. Wellness Int'l Network, Ltd*., 438 F.3d 759, 761-62 (7th Cir.

5

2006) ("non-exclusive jurisdiction" language of one provision could not undermine strongly worded mandatory forum selection clause set forth in another provision; permissive language did not amount to forum selection, had no bearing on otherwise enforceable mandatory forum selection clause, and simply required parties to submit to personal jurisdiction of Texas courts).

But even if the court read the two sentences of paragraph 4 as two separate forum selection clauses, the mandatory clause in the first sentence covers the claims in plaintiff's complaint. That clause covers any dispute "arising out of or relating to" the employee's duties to the employer "including, but not limited to" any of the rights and obligations set forth in the employment agreement. Because the clause is expressly not limited to disputes arising out of the employment agreement, the fact that the employment agreement does not speak to compensation issues does not mean that the clause does not cover plaintiff's claims. Plaintiff's FLSA claims certainly "relate to" plaintiff's duties to defendant. Whether he was an exempt or non-exempt employee for purposes of the FLSA will be central to resolving this "controversy." In fact, plaintiff himself sets forth his duties in his complaint, presumably to support the conclusion that he qualifies for overtime compensation under the FLSA because he performed non-exempt work. For these reasons, the parties' dispute is covered by the mandatory forum selection clause contained paragraph 4 of the parties' employment agreement.[3]

Finally, because plaintiff does not provide, and the court cannot find, authority that would allow the court to transfer to the state court system a case that originated in federal court, plaintiff's case must be dismissed. *See Mozingo v. Trend Personnel Services*, 504 Fed. Appx.

---

[3] Plaintiff's FLSA claims may be brought in state court. *See* 29 U.S.C. § 216(b) (FLSA action "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction . . . ).

753, 758 n.2 (10th Cir. 2012) (transfer not available when forum selection clause specifics a non-federal forum).[4]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss for improper venue (doc. 5) is granted and this case is dismissed without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated this 1st day of May, 2015, at Kansas City, Kansas.

                                          ___s/ John W. Lungstrum_____
                                          John W. Lungstrum
                                          United States District Judge

---

[4] Plaintiff does not suggest in his submissions that enforcing the mandatory forum selection clause would be unreasonable or unjust or that the clause is invalid for any reason. *See Niemi v. Lasshofer*, 770 F.3d 1331, 1351-52 (10th Cir. 2014).